THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

GARRY BAKER )
)
Plaintiff, )
) Case No:
vs. ) JURY DEMAND
)
TENNESSEE DEPARTMENT OF )
CORRECTIONS AND NORTHWEST )
CORRECTIONAL FACILITY )
MEDICAL SERVICES UNIT, AND )
CHEATHAM COUNTY SHERIFFS )
DEPARTMENT AND CHEATHAM )
COUNTY SHERIFFS DEPARTMENT )
MEDICAL UNIT )
)
Defendants, )

## COMPLAINT

1. Plaintiff brings this action for compensatory and punitive damages as a result of the Plaintiff being injured while he was incarcerated at both Cheatham County Sheriff's Department, and Cheatham County Medical Services Unit, Ashland City, Tennessee and Northwest Correctional Facility, and Northwest Correctional Facility Medical Services Unit, Tiptonville, Tennessee from on or about June 2006 to present. While the plaintiff was and is incarcerated at these facilities, and continuing to the present time, as a result of the acts and omissions of the defendants, plaintiff sustained permanent injury at an as yet medically determined severity level. Also, the Defendant treating physicians at both Cheatham County Medical Services Unit(s) and at Northwest Correctional Facility,

(irrespective of the intra-prison site location within Northwest Correctional Facility) have had numerous contracting treating physicians since the defendants' incarceration. Dr. James Butler, on information and belief is the primary director of medical services at Tiptonville, Tennessee. At all times relevant to this complaint, the treating physician at Northwest Correctional Facility Prison, failed to diagnose the plaintiffs medical conditions and acted and/or omitted to act to take reasonable and prudent actions to reduce their severity. This conduct was reckless and/or arbitrary and results in the Plaintiff having multiple aggravated conditions, some of which will require him to undergo surgery to correct a condition which could have otherwise been treated without surgery. Additionally, the plaintiff has suffered a permanent loss hearing, as yet undetermined in severity of disability. Moreover, had all the Defendant(s) acted or omitted to act in a manner below the applicable standard of training and supervision of prison personnel for medical treatment of prisoners in their custody within the Tennessee Department of Corrections custody The plaintiff would not have been permanently injured, and permanent injuries would not have continued to be aggravated and require surgery and additional treatment for the reduction in permanent capacity of the defendant.

2. This court has jurisdiction of this action pursuant to Article III, section I of the Constitution of the United States and 28 U.S.C. §§§§ 1331, 1332, 1343 et seq and 1367 (supplemental jurisdiction) and 42 U.S.C. 1988 et seq. This action is filed pursuant to 42 U.S.C. § 1983 to obtain redress for the deprivation of rights guaranteed to the Plaintiff by the Eighth and Fourteenth amendments to the United States Constitution, as applied to the states via the selective incorporation doctrine, and the common law of Tennessee

2

and the Tennessee Constitution. Plaintiff also invokes the supplemental jurisdiction of the court for common law and statutory tort claims.

3. Defendant Cheatham County Sheriff's Department is a government entity within the government authority of the State of Tennessee. It is a law enforcement agency, based within Ashland City, Tennessee. Thus, the Defendants perform traditional state functions, and for the purposes of this action are state actors. At all times herein after stated and continuing to the time of transfer of the plaintiff to Custody of the Northwest Correctional Facility in Tiptonville, Tennessee the plaintiff was in the legal custody of Defendant Cheatham County Sheriffs Department and incarcerated at their facility.

4. The Defendant Cheatham County Sheriffs Department Medical Facility Unit is a department within the Sheriffs Department, responsible for privately contracting with medical physicians for medical care of inmates and for administering minimum medical services to inmates under the supervision of authorized medical personnel. Thus, the Defendants perform traditional state functions, and for the purposes of this action are state actors. At all times herein after stated and continuing to the time of transfer of the plaintiff to Custody of the Northwest Correctional Facility in Tiptonville, Tennessee the plaintiff was in the legal custody of Defendant Cheatham County Sheriffs Department and incarcerated at their facility.

5. Defendant Tennessee Department of Corrections is a government entity, agency and/or subdivision within the government authority of the State of Tennessee. It is a governmental entity, agency and/or subdivision under the laws and Constitution of the state of Tennessee. Thus, the Defendants perform traditional state functions, and for the purposes of this action are state actors, for their acts and/or omissions towards the

3

plaintiff Garry Baker. At all times herein after stated and continuing to the time of transfer of the plaintiff to Custody of the Northwest Correctional Facility in Tiptonville, Tennessee the plaintiff was in the legal custody of The Tennessee Department of Corrections and incarcerated at their facility.

6. The Northwest Correctional Facility Medical Facility Unit is a department within the Northwest Correctional Facility Prison at Tiptonville, Tennessee, responsible for private contracting with medical physicians for medical care of inmates and for administering minimum medical services to inmates under the supervision of authorized medical personnel. Thus, the Defendants perform traditional state functions "under color of law", and for the purposes of this action are state actors. At all times herein after stated and continuing to the time of transfer of the plaintiff to Custody of the Northwest Correctional Facility in Tiptonville, Tennessee the plaintiff was in the legal custody of Northwest Correctional Facility Prison and Defendant Northwest Correctional Facility Medical Services Unit was responsible for administration of medical treatment and services for the plaintiff while incarcerated at their facility.

7. Plaintiff, Garry D. Baker is 100% disabled and handicapped, and confined to a wheel chair. He is a forty-eight (48) years of age, white male. His health is deteriorating and he requires special medical treatment for a variety of issues. He has been diagnosed with diabetes, high blood pressure, blood clots in his right (e.g. defendants leg is twice the size of the left leg, i.e., it remains swollen and distorted like elephantitis, torn rotor cuff in both shoulders, which requires surgery, a four (4) inch area of spine diagnosed as needing removal which would also require his back to be rebroken, a swollen area of about four to six inches on his groin area which doctor's indicate they do not know what

4

it is, an ear infection which is chronic and severe which has resulted in permanent loss of hearing in one ear in the 40% to 50% range (the hearing loss was verified by tests in the summer of 2008) and he has had this infection for two years. Also, his left hand has never been medically treated for severed ligaments, which occurred when police cut his hand upon his arrest on or about June 2006. This injury has deprived him of the use of his left hand.

8. Plaintiff, Garry D. Baker has been diagnosed by an orthopedic specialist as needing surgery, but nothing has been done. On or about January or February 2008 at Deberry Special Needs Facility the plaintiff was diagnosed for back problems and prescribed medications. Since then, his medications have been started and stopped without explanation. He has a pinched nerve in his back also.

9. Plaintiff, Garry D. Baker has been diagnosed as having an unknown swelling the size of a fist in his groin area by Dr. Goff at Northwest Correctional Facility. The Doctor informed him it is not a hernia but that surgery is required to properly treat the condition. However, no treatment has been provided.

10. Plaintiff, Garry D. Baker has been denied treatments which were started but discontinued before the conditions treated were adequately cured. He has been denied a special mattress for his back. The air mattress burst after about a month of use. He has had about six. He has been denied antibiotic treatment eye treatments for his ear infection, denied I-V treatment for his ear infection, and denied a hearing aid for his permanent loss of hearing reduction, as well as denied other recommended ear treatments by Special Needs Physicians. He has been denied transport to and from Prison on a transport bus or van where he is not required to be chained in one position for ten (10)

5

hours or more a trip to Deberry Special Needs Facility Prison in Nashville, Tennessee. He has been denied adequate treatment for his blood clots in his right leg, which is a life-threatening condition (Pulmonary Thrombosis). He has been denied medications for treatment of blood clots and he has been denied medical instruments and devices treatment for his blood clots.

11. Plaintiff, Garry D. Baker has been forced by medical personnel of all the defendants to wait undue and unreasonable amounts of time for health care. When medical health care is provided it is inadequate to such an extent as to have no short term relief benefits and no long-term curative results for the treated condition. He has been refused repeated requests for transfer to a medical facility repeatedly and he has been refused for application for early release from Prison based upon his medical conditions and his relatively short sentence.

12. All of the defendants have been aware of the defendant's medical conditions and needs from the time of his incarceration. Both Defendant Medical Services Units have been fully aware of Plaintiff Garry Baker's serious, severe and eminently life threatening conditions and treatment needs and medications but have been deliberately indifferent to his serious medical needs under all of the facts contained in this complaint.

13. Plaintiff, Garry D. Baker has begun to experience numbness in his legs and back and sharp, shooting pains. He has complained to medical staff at each instance, but was told it was a reaction from the long ride to the facility. When plaintiff subsequently reported for sick call reporting that the symptoms were becoming progressively severe, he was told he was faking. Plaintiff was denied treatments, Cat Scans and an x-rays, and medications and medical accessories for months at a time after complaining. Subsequent pleas to

6

report for sick leave and complaints reemphasizing increasing pain and suffering have been ignored by all Medical Services personnel. Plaintiff repeatedly informed these personnel of his medical conditions, their severity, his constant pain, of personal injuries sustained from becoming unconscious from pain, and incorrect medication dosages, as well as excruciating pain from being transported to medical facilities in chains on the prison bus, versus by the prison van which would less severely aggravate his serious medical conditions. In response, to his requests for medical assistance, the Northwest Correctional Prison Facility Medical Services personnel and guards threatened the Plaintiff with restricted activities and laughed at his problems. Plaintiff did as he was ordered to do, in response to this deliberate indifference to his serious medical needs.

14 Plaintiff, Garry D. Baker has filed grievances with the Northwest Correctional Facility personnel and staff regarding his serious medical needs, his increasingly severe pain, the need for transportation to medical appointments by vehicle without being chained in the prison bus, requesting to be transported by prison van, requesting to have a medical x-ray of his body, and an MRI and to have surgery for correction of his conditions. However, because of retaliation by personnel, and given that he has to be assisted to move about, he has restricted his complaint to the point now that it is clear his problems and omission to act by prison personnel make his conditions life-threatening. The Plaintiff Garry Baker has filed pro se motions with Cheatham County Court for reassignment from Northwest Correctional Facility to Deberry Special Needs Facility Prison at Nashville, Tennessee This deliberate indifference by the party defendants and their agents was the proximate cause of the plaintiff suffering permanent physical injuries.

15. The Plaintiff Garry Baker, while incarcerated at Cheatham County Sheriffs Department was denied access to medical treatment by Sheriff's personnel, including Medical Services personnel in the following severe threat to life situations. (a) he was left in a semi-coma state for several hours, when sheriffs personnel directed an inmate to administer an incorrect dosage of insulin to him for his diabetes, (b) he was denied surgical treatment for repeated requests for surgery on his severed ligaments to his left hand which was cut by a machete or large knife when sheriffs personnel disarmed him, (c) failed to provide diagnosis and treatment for his left leg which became swollen and discolored and painful that he passed out. When taken to Medical Horizons Hospital in Ashland City, Tennessee he was diagnosed with blood clots and ordered to take anti clotting medicine. Defendant's leg was one and a half times the size of the left leg, i.e., it remains swollen and distorted but currently is twice the size of the left leg) (d) continually misadministered prescribed medications and treatments to the plaintiff Garry Baker. (e) Defendant's acts caused the plaintiff to be hospitalized whereas he would not have needed to had they acted in a manner consistent with the standards and training for Cheatham County Sheriffs personnel in custody of inmates needing medical treatment.

16. The Defendants, by deliberately ignoring the valid medical conditions and needs for treatment that the plaintiff had been requesting for nearly two (2) years were the proximate cause of the aggravation of the severity of the injuries to the plaintiff as well as infliction of new injuries to the plaintiff's bodily integrity. During all of these times plaintiff was under the custody of either Cheatham County Sheriffs Department or Tennessee Department of Corrections as the decision makers for his care and medical needs and was unable to provide for himself or his own needs.

17. The Defendant's deliberate disregard of medial restrictions constitutes gross negligence and cruel and unusual punishment and "deliberate indifference" to "serious medical needs" "under color of state law" that wrongs the plaintiff and society demands that his constitutional rights be scrupulously observed. Moreover, these same acts of the Defendants are in violation of the plaintiff's Fourteenth and Eighth amendment rights and involve reckless or callous indifference to the federally protected rights. Because of the undue and unjustified diminishment in physical and mental well-being, the plaintiff Garry Baker has suffered actual injury and should be compensated for it also. All the defendants acts and omissions as stated demonstrate a indifference to his constitutional rights and constitutes deliberate indifference to the serious medical needs of the plaintiff and cruel and unusual punishment in violation of the plaintiff's Eighth and Fourteenth amendment rights of bodily integrity, peace of mind, and liberty of movement as well as inflict unjustifiably humiliation, personal indignity, and physical injury. All of the defendants acts and omissions as stated demonstrate failure to properly train and supervise the personnel in administration of treatment of the Plaintiff Garry Baker.

18. The defendant, through its agents, servants, and employees (including nurses present at the Medical Services Units failed to properly train and supervise its personnel to administer their policies and procedures in place for medical treatment of inmates in the following ways: (a) failed to take appropriate measures to diagnose the plaintiffs severe conditions despite the severity of the symptoms presented to the medical facility staff, and (b) failed to properly prescribe the proper medication for treatment of the plaintiff's conditions, and (c) failed to prevent the severe health problems and pain suffered by Plaintiff by failing to order appropriate follow-up diagnostic tests and misdiagnosing

9

treatment for the tests performed on the plaintiff; and (d) otherwise failed to provide appropriate care for Garry D. Baker, and (e) plaintiff suffered severe injuries as a proximate result of the defendant's negligence. Plaintiff sustained serious, severe, painful and permanent injuries necessitating medical aid and treatment and hospitalization and surgery, disabling him from further ambulatory movement. Plaintiff is permanently disabled from the personnel's deliberate indifference to the serious medical needs of the Plaintiff. The plaintiff continues to the present to suffer from these many reckless and negligent disregards for following the recovery treatment plan for the plaintiff. The plaintiff has also sustained severe emotional distress and mental anguish from theses acts. Plaintiff sues for damages for his injuries of two hundred and fifty thousand dollars ($250,000.00), compensatory damages and five hundred thousand ($500,000.00) punitive damages.

**WHEREFORE, PREMISES CONSIDERED PLAINTIFF PRAYS for the following relief:**

1. An award of compensatory and punitive damages for Garry Dale Baker in a reasonable amount not below the minimum stated but to exceed the damages prayed for if so determined by a jury;

2. An award of pre-judgment interest;

3. An award of discretionary costs and court costs;

4. A jury to try this cause; and

5. Such other equitable relief as shall be deemed by the court to be reasonable and necessary to make the plaintiff whole. Specifically, that the defendant be re-classified and ordered transferred to Deberry Special Needs Facility Prison in Nashville, Tennessee.

In the alternative, that the defendant be ordered early release from prison based upon his medical conditions and need for lifetime treatments.

6. An award of a reasonable Attorneys Fee under 42 U.S.C. 1988 et. seq.

7. Alternately, nominal damages, if no actual damages are awarded.

8. An Award of all costs associated with life-time care and treatment for loss of hearing, and any other medical condition proven to have been aggravated by the acts or omissions of any or all of the defendants as so stated in this complaint

Respectfully Submitted

*/s/ Jordon D. Mathies*

**MR. JORDON D. MATHIES, BPR# 019825**
**MATHIES LAW OFFICES, PLC**
3866 DICKERSON PIKE, SUITE 4
NASHVILLE, TENNESSEE 37207
(615) 612-7724 (FAX) (615)612-7725

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been delivered by approved method of service of process to the Office of The Tennessee Department of Corrections, Mr. Tony Parker, Warden, Northwest Correctional Complex Prison Facility, Route 960 State Route 212, Tiptonville, Tennessee 38079, and; the registered agent for service of process for the Cheatham County Sheriffs Department, Ashland City, Tennessee, this 30th day of December 2008.

*/s/ Jordon D. Mathies*
JORDON D. MATHIES