IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| GARRY BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-cv-1227 |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | MAGISTRATE JUDGE BROWN |
| CORRECTIONS AND NORTHWEST | ) | |
| CORRECTIONAL FACILITY; MR. | ) | JURY DEMAND |
| JAMES SMITH, M.D. (in both his official | ) | |
| and individual capacity); MEDICAL | ) | |
| SERVICES UNIT; MR. DENNIS DEAN | ) | |
| (in both his official and individual | ) | |
| capacity); MICHAEL HOLLOWAY (in | ) | |
| both his official and individual capacity); | ) | |
| CHEATHAM COUNTY SHERIFF'S | ) | |
| DEPARTMENT; and CHEATHAM | ) | |
| COUNTY SHERIFF'S DEPARTMENT | ) | |
| MEDICAL UNIT ADMINISTRATOR, | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**DEFENDANT CHEATHAM COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**
_____

Comes Defendant Cheatham County, pursuant to Local Rule 56.01(d), and

submits this Reply to the Plaintiff's Response to its Motion for Summary Judgment.

Tennessee statutory law is clear as to the Plaintiff's claims of civil rights violations

and personal injury.  The applicable statute of limitations is one year.  Tenn. Code Ann.

§ 28-3-104(a)(1), (3).  In support of his Response opposing Cheatham County's Motion

for Summary Judgment, the Plaintiff alleges that he has not had sufficient time for

discovery in accordance with Rule 56(c) of the Federal Rules of Civil Procedure.

Cheatham County maintains that further discovery is unnecessary to the determination that the statute of limitations has run.

Since filing his Response, the Plaintiff has been provided with the booking and release information establishing that he has not been in the custody of the Cheatham County Sheriff's Department since his release on February 21, 2007 (see Exhibit 1, correspondence to the Plaintiff's attorney and Cheatham County Sheriff's Department booking record). Any further discovery on this matter is unnecessary and therefore a waste of money and judicial economy. Any further substantive arguments the Plaintiff maintains will be satisfied with additional discovery, such as "the presence or absence of the policies of the Cheatham County Sheriff's Department, or other supervisory governmental agency of the Sheriff's departments' policies for the delivery of medical services to all prisoners in its care at the time of the defendant's incarceration, as well as the actual incidents of medical service delivery to the plaintiff at the time of incarceration" are rendered moot by the running of the statute of limitations. For the same reason, any amendments of parties related to the claims against Cheatham County that the Plaintiff is requesting be made to his Complaint, such as in regards to Lieutenant Harris Nicholson or Defendant John Doe, are moot.

## **CONCLUSION**

For the above reasons, Defendant respectfully requests that the Court grant its Motion for Summary Judgment.

Respectfully submitted,

DICKINSON WRIGHT PLLC


By:     /s/ Kerry M. Ewald
        Jeffrey M. Beemer, #17247
        Kerry M. Ewald, #25544
        Fifth Third Center, Suite 1401
        424 Church Street
        Nashville, TN 37219
        (615) 244-6538

        Attorneys for Defendant,
        Cheatham County




## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served by electronic filing or United States Mail, first class, postage pre-paid, to:

Jordon D. Mathies
Mathies Law Offices PLC
202 Point East Drive
Nashville, Tennessee 37216

Pamela S. Lorch
Attorney General's Office
PO Box 20207
Nashville, TN 37202

this 12th day of August, 2009.


                                    /s/ Kerry M. Ewald
                                    Kerry M. Ewald


NASHVILLE 38391-550 368801v1

3