UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARRY BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:08-1227 |
| | ) Judge Echols |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

In this lawsuit, Plaintiff Garry Baker seeks damages for injuries alleged to have been sustained while he was in the custody and control of the Defendants. Plaintiff brings this action under 42 U.S.C. § 1983 for alleged constitutional violations under the Eighth and Fourteenth Amendments to the United States Constitution. He also brings unspecified common law and Tennessee constitutional and statutory claims. Plaintiff sues the Tennessee Department of Corrections ("TDOC"), the Northwest Correctional Facility ("NCF"), Dr. James Smith, Dr. Robert Ball, the Medical Services Unit, Dennis Dean, Michael Holloway, Cheatham County Sheriff's Department, Cheatham County Sheriff's Department Medical Unit Administrator and John Doe.[1]

---

[1] The precise designation of the actual Defendants is not clear from the record. The caption of Plaintiff's First Amended Complaint which was filed to supplement his Amended Complaint (Docket Entry No. 4) does not necessarily match the allegations in the pleadings. For example, in the captions of both pleadings, Plaintiff identifies a John Doe, but it is unclear what John Doe did or did not do, or where that John Doe is alleged to have been employed since allegations are not made against him in the body of the pleadings. Further, Tony Parker ("Parker"), the Warden of NCF, has filed a Motion to Dismiss, even though he is not named, nor are any allegations against him made in either the Amended Complaint or First Amended Complaint. Parker moves to dismiss presumably because he was served with a summons by Plaintiff which indicated that Parker was a Defendant in this lawsuit. (Docket Entry No. 10).

1

Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 43) which recommends dismissal without prejudice of all Defendants who have not been served with process. Also pending is a Motion for Summary Judgment filed by Defendant Cheatham County (Docket Entry No. 29), to which Plaintiff has filed a response in opposition (Docket Entry No. 45) and that Defendant has filed a reply (Docket Entry No. 50). Additionally, Defendant Tony Parker has filed a Motion to Dismiss (Docket Entry No. 31), to which Plaintiff has filed a response in opposition (Docket Entry No. 48) and that Defendant has filed a reply (Docket Entry No. 55).

## I. DISCUSSION

### A. The R & R (Docket Entry No. 43)

In the R & R, the Magistrate Judge recommends dismissal without prejudice of all of the Defendants who have not been served. This includes TDOC, the NCF Medical Services Unit, the Cheatham County Sheriff's Department Medical Services Unit, and the Cheatham County Sheriff's Medical Department and Medical Services Unit Administrator John Doe. The R & R was issued on August 3, 2009 and Plaintiff was informed in the R & R that any objections needed to be filed within ten days of receipt of the R & R (Docket Entry No. 43 at 4-5). Plaintiff has filed no objections to the R & R.

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b). Having reviewed the record, the Court agrees with the Magistrate Judge that the unserved Defendants should be dismissed without prejudice because service has not been effected within 120 days of the filing of the Complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.

2

The Magistrate Judge specifically informed Plaintiff of the need to obtain service of process on the remaining Defendants in a Scheduling Order dated April 16, 2009, granted Plaintiff an extension of time until May 29, 2009 within which to do so, and warned Plaintiff that the failure to obtain service by that date could result in the Magistrate Judge recommending that the unserved Defendants be dismissed without prejudice. (Docket Entry No. 27). Despite those warnings, Plaintiff failed to effect service and accordingly the unserved Defendants will be dismissed without prejudice.

### B. **Cheatham County's Motion for Summary Judgment (Docket Entry No. 29)**

In his First Amended Complaint, Plaintiff alleges that Defendant Cheatham County Sheriff's Department is a governmental entity in whose custody Plaintiff was entrusted until he was transferred to NCF. He also alleges that the Defendant Cheatham County Sheriff's Department Medical Facility Unit is a "department" of the Sheriff's department and that both Defendants allegedly were aware of Defendant's disabling medical conditions and needs, but were deliberately indifferent to those conditions and needs. Specifically, Plaintiff alleges that while in the care of Cheatham County he was "left in a semi-coma state for several hours" during which time he was administered an incorrect dosage of insulin by an inmate; he was denied medical treatment for severed ligaments in his left wrist "which was cut by a machete or large knife when sheriff[']s personnel disarmed him"; he was not diagnosed or treated for a swollen and discolored leg which later was diagnosed as being a blood clot; he was "continually misadministered [sic] prescribed medications"; and he was hospitalized because of the inadequate care he received while in the custody of the Cheatham County Sheriff's Department. (First Amended Complaint ¶ 15).

3

Cheatham County moves for summary judgment on the grounds that the Cheatham County Sheriff's Department which is named as a Defendant is not a proper party to a Section 1983 action. Cheatham County also argues that Plaintiff's claims against the County or any of its entities or employees is time-barred.

A party may obtain summary judgment if the evidence establishes there is not a genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

As indicated, Defendant Cheatham County first moves for summary judgment on the grounds that the Cheatham County Sheriff's Department is not a proper party to a Section 1983 action. This is correct. See, Sargent v. City of Toledo Police Dept., 150 Fed. Appx. 470, 475 (6th Cir. 2005)(citation omitted)("police departments are merely sub-units of the municipalities they serve"); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)(since a police department is not an entity which may be sued under Section 1983, county "is the proper party to address the allegations of [plaintiff's] complaint); Turner v. Blount County, 2008 WL 3842358 at *4 (E.D. Tenn. 2008)("Blount County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983"); Buchannan v. Williams, 434 F. Supp. 2d 521, 529 (M.D. Tenn. 2006)('[s]heriff's departments and police departments are not 'bodies politic'" capable of being sued under Section 1983).

In response, Plaintiff argues that the caption of a Complaint does not control. Though he does not specifically say so, presumably Plaintiff means by this argument that the intended Defendant is not the Sheriff's Department but the County, notwithstanding the fact that the allegations in the First Amended Complaint, like the caption, are specifically directed at the Sheriff's Department. Regardless, whether the intended Defendant was Cheatham County or its Sheriff's Department, it is clear that Plaintiff's claims against any such Defendant are time-barred.[2]

---

[2] The parties direct their arguments about the statute of limitations only to Plaintiff's claims under Section 1983. As noted at the outset, in his First Amended Complaint Plaintiff alleges that Defendants' actions also violated Tennessee constitutional, statutory, and common law but does not specify any state causes of action. In his response to the Motion for Summary Judgment, Plaintiff does not articulate any state causes of action which would not be barred by the applicable statute of limitations. Accordingly, the Court's focus is on the statute of limitations in relation to Plaintiff's Section 1983 claims.

In support of its Motion for Summary Judgment, Cheatham County submitted an Affidavit from Harris Nicholson ("Nicholson"), a Lieutenant with the Cheatham County Sheriff's Department and the Jail Administrator for the Cheatham County Jail. In his Affidavit, Nicholson avers that Plaintiff was booked into the Cheatham County Jail on June 26, 2006 and released to the TDOC on February 21, 2007.[3] Plaintiff filed suit in this Court on December 30, 2008.

In actions brought under 42 U.S.C. § 1983 alleging a violation of civil rights or personal injuries, the state statute of limitations governing actions for personal injuries is to be applied. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Plaintiff argues that either the three-year statute of limitation for "civil actions based upon the alleged violations of any federal or state statute creating monetary liability for personal services rendered" under T.C.A. § 28-3-105(3) or the ten-year statute of limitations under T.C.A. § 28-3-110 for actions against "sheriffs, clerks, and other public officers on their bonds" and for "[a]ll other cases not expressly provided for" should apply. However, the Sixth Circuit has consistently and repeatedly indicated that the one-year statute of limitations found in T.C.A. § 28-3-104 for civil actions "brought under the federal civil rights statutes" governs Section 1983 claims in Tennessee. See, Mettetal v. Vanderbilt University, Legal Dept., 147 Fed. Appx. 577, 584 (6th Cir. 2005); Sharpe v. Cureton, 319 F.3d 259, 266 (6th Cir. 2003); Berndt v.

---

[3]Based on that Affidavit, Cheatham County stated in its Concise Statement of Material Facts that Plaintiff was released to the TDOC on February 21, 2007 and that he has not been in the custody of the Cheatham County Sheriff's Department since that date. In response, Plaintiff does not directly dispute these assertions (presumably because he knows, at least approximately, when he left the Cheatham County Jail), but instead states that the "best evidence" of the release date is the "actual record of the release date" which "would undoubtedly establish the official public record of the plaintiff's transfer to the Tennessee Department of Corrections." (Docket Entry No. 47 at 2-3). With its reply, Cheatham County submitted a printout of the booking record of the Cheatham County Jail which confirms Nicholson's statement that Plaintiff was released to the TDOC on February 21, 2007. Therefore, this fact stands undisputed in the record.

6

Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). Plaintiff's initial Complaint, which was filed more than 22 months after he was released from the Cheatham County Jail is time-barred with respect to the claims asserted against the Cheatham County Defendants.[4]

## C. **Parker's Motion to Dismiss**

Parker is the Warden of NCF. He moves to dismiss because he is not named in the First Amended Complaint, although he was served with a copy of the Complaint and summons indicating that he was a Defendant in this case.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a Motion to Dismiss, the Court accepts as true the allegations in a plaintiff's Complaint and construes those allegations in the plaintiff's favor. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In his response, Plaintiff states that "[t]he failure of prison or jail officials to provide for the basic human needs of a prisoner may rise to the level of an Eight [sic] or Fourteenth Amendment

---

[4]In his response, Plaintiff claims that he needs to conduct further discovery on the "Sheriff[']s departments' policies for the delivery of medical service to all prisoners in its care at the time of the defendant's [sic] incarceration" and on "statistical evidence" related to how often Plaintiff was administered medication in accordance with doctor's orders while at the jail. Any such discovery would not save his untimely claims because he was certainly aware at the time he left the jail as to the medical care he received or did not receive while in the custody of Cheatham County.

7

violation," that "[p]rison officials have a duty . . . to insure that inmates receive adequate medical care" and that, therefore, [t]he facts of the complaint clearly meet the legal sufficiency standard for notice pleading provided for in the Federal Rues of Civil Procedure 8 et Seq. [sic] and Rule 10 et Seq. [sic]." (Docket Entry No. 48 at 2). However, as the Supreme Court stated in Twombly, and reiterated just recently in Iqbal, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusations." Iqbal, 129 S.Ct. at 1949 (citing, Twombly, 540 U.S. at 555). Certainly a complaint which does not even name an individual as a defendant and which contains no allegations directed specifically at that individual does not meet Rule 8's requirement, particularly since "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the constitution." Id. Plaintiff has not done so in this case.

Plaintiff also argues in his response to the Motion to Dismiss that Parker may be held liable under the "danger creation" doctrine. However, the danger creation doctrine (which is also known as the state created danger doctrine, Vicente-Elias v. Mukasey, 532 F.3d 1086, 1095 (10th Cir. 2008) requires an affirmative act, Barber v. Overton, 496 F.3d 449, 458 (6th Cir. 2007), but Plaintiff alleges *no* acts by Parker. Therefore, the claims against Parker will be dismissed without prejudice.

## II. CONCLUSION

Based upon the foregoing, the Report and Recommendation ("R & R") of the Magistrate Judge (Docket Entry No. 43) will be accepted and approved and Defendants Tennessee Department of Corrections, the Northwest Corrections Facility Medical Services Unit, the Cheatham County

8

Sheriff's Department Medical Unit, and the Cheatham County Sheriff's Medical Department and Medical Services Unit Administrator John Doe will be dismissed for failure to effect service as required by Rule 4(m) of the Federal Rules of Civil Procedure. The Motion for Summary Judgment filed by Defendant Cheatham County (Docket Entry No. 29) will be granted and the claims against Defendant Cheatham County and/or the Cheatham County Sheriff's Department will be dismissed with prejudice. Finally, the Motion to Dismiss filed by Defendant Tony Parker (Docket Entry No. 31) will be granted and the claims against that Defendant will be dismissed without prejudice.

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE