UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARRY BAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:08-1227 |
| | ) Judge Echols |
| TENNESSEE DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM

In this lawsuit, Plaintiff Garry Baker seeks damages for injuries alleged to have been sustained while he was in the custody and control of the Defendants. Plaintiff brings this action under 42 U.S.C. § 1983 for alleged constitutional violations under the Eighth and Fourteenth Amendments to the United States Constitution, as well as unspecified common law and Tennessee constitutional and statutory claims.

Numerous Defendants were named in the Amended Complaint (Docket Entry No. 9), but all except Defendants Dennis Dean ("Dean") and Mike Holloway ("Holloway") were dismissed by Order of this Court (Docket Entry No. 64). The remaining two Defendants, Dean and Holloway, have filed a Motion for Summary Judgment (Docket Entry No. 76), to which Plaintiff has filed a Response (Docket Entry No. 86) and Memorandum (Docket Entry No. 87) in opposition.

## I. FACTUAL BACKGROUND

In support of their Motion for Summary Judgment, Defendants Dean and Holloway filed a "Statement of Undisputed Material Facts." (Docket Entry No. 78). Those facts are virtually uncontested by Plaintiff and are as follows.

1

Plaintiff is an inmate of the Tennessee Department of Correction housed at the Northwest Correctional Complex in Tiptonville, Tennessee. In his Amended Complaint, Plaintiff alleges that he suffers from numerous and assorted medical problems, and that "the treating physician at Northwest Correctional Facility Prison, failed to diagnose the plaintiff's medical conditions and acted and/or omitted to act to take reasonable and prudent actions to reduce their severity." (Amended Complaint ¶ 1).

With respect to Defendants Dean and Holloway, Plaintiff alleges that Dean was the Administrator and Holloway was the "co-directing" Administrator of Health Care at the prison during all relevant times. Plaintiff alleges that in such capacities those Defendants were the "directing administrator[s]" over the medical services unit "responsible for administration of treatment to inmates at Northwest Correctional Facility . . . during the time of the omission and deliberate indifference to the serious medical needs of the defendant [sic] at the prison complex in 2008." (Id. ¶¶ 21 & 22).

The record shows that Dean was the Health Administrator at Northwest Correctional Complex from January 1 to January 15, 2008. Holloway was the Acting Health Administrator from January 16, 2008 to May 30, 2008. The job duties of the Health Administrator are administrative only, and do not include diagnosis, assessment, or treatment of medical conditions, nor does the Health Administrator have any authority to direct health care professionals in making treatment decisions. Neither Dean nor Holloway are licensed health care professionals and neither are trained or licensed in the diagnosis, assessment, or treatment of medical conditions.

2

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## III. APPLICATION OF LAW

Defendants Dean and Holloway move for summary judgment on the grounds that they had no personal involvement in the alleged deliberate indifference to Plaintiff's medical needs and that,

3

pursuant to Monell v. New York City Dept. of Soc. Serv's, 436 U.S. 658 (1978), there is no *respondeat superior* liability under Section 1983. In his Response, Plaintiff writes:

> 1. Plaintiff can prove a prima facie case of xxxxxx [sic] as alleged in his pleadings.
>
> 2. Plaintiff can prove that the defendant does not have a legitimate defense to the Plaintiff's complaints.
>
> 3. Plaintiff can maintain Title VI discrimination claim against the Defendant because Plaintiff has alleged that a primary objective of the federal financial assistance is to provide employment.
>
> 4. Plaintiff is entitled to punitive damages against Defendant based upon the genuine issues of material fact averred in the pleadings, if proven at trail [sic].

(Docket Entry No. 88 at 1).

Obviously, Plaintiff's Response must have been directed at a motion in some other case since there is no issue of employment discrimination in this case. In his accompanying Memorandum, Plaintiff argues that summary judgment should be denied on a failure to train or failure to supervise theory of liability under Section 1983.[1]

"[T]here are limited circumstances in which an allegation of 'failure to train' can be the basis for liability under § 1983." City of Canton v. Harris, 489 U.S. 378, 387 (1989). To succeed under a failure to train theory, Plaintiff must show that 1) a training program was inadequate for the tasks

---

[1]Plaintiff also asserts "the defendant's [sic] failure to answer either the plaintiff's requests for production of documents or requests for admissions clearly raises the inference that the omitted evidence would be favorable to the defendant [sic], when reviewed by a jury." (Docket Entry No. 87). This argument is rejected because it has not been properly presented to the Court and is not supported by any citation to the record. If, in fact, Defendants failed to respond to discovery requests, that is something which should have been raised in a Motion to Compel and not as an unsupported argument in response to the Motion for Summary Judgment. Further, the record indicates that despite being granted two extensions of time to serve discovery, Plaintiff did not serve his interrogatories and requests for production on Defendants until after the twice-extended deadline.

4

that employees must perform; 2) the inadequacy was the result of Defendants' deliberate indifference; and 3) the inadequacy was closely related to or actually caused the injury. Ciminillo v. Streicher, 434 F.3d 461, 469 (6th Cir. 2006). "'[D]eliberate indifference is a stringent standard of fault, requiring proof that an . . . actor disregarded a known or obvious consequence of his action.'" Currie v. Haywood County, 234 Fed. Appx. 369, 327-373 (6th Cir. 2007)(quoting, Perez v. Oakland County, 466 F.3d 416, 430-31 (6th Cir. 2006)).

It is important not "to conflate a § 1983 claim of individual supervisory liability with a claim of [governmental] liability." Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009). As the Sixth Circuit in Everson explained:

> Section 1983 liability must be premised on more than mere respondeat superior, the right to control one's employees. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999). A supervisor is not liable under § 1983 for failing to train unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. (quoting Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir.1982)).

Id. Similarly, a claim for inadequate supervision or control is not actionable unless the policymaker either encouraged the specific incident of misconduct or in some other way directly participated in it. Grose v. Caruso, 284 Fed. Appx. 279, 282 (6th Cir. 2008).

In this case, Plaintiff asserts that Defendants Dean and Holloway "failed to properly train and supervise [their] personnel to administer their policies and procedures in place for medical treatment of inmates." (Docket Entry No. 87 at 9). Specifically, Plaintiff claims Defendants Dean and Holloway failed (1) "to take appropriate measures to promptly facilitate diagnosis of the Plaintiff's severe symptoms," (2) "to properly prescribe the proper medication," (3) "to prevent the severe health problems and pain suffered by Plaintiff by failing to order appropriate follow-up

5

diagnostic tests and misdiagnosing [sic] treatment," and (4) "to provide appropriate care" for Plaintiff. (Docket Entry No. 9).

These are mere allegations and Plaintiff has offered absolutely no proof that Defendants Dean and Holloway failed to properly train or supervise anyone, or that they were directly or indirectly involved in any alleged mistreatment of Plaintiff.[2] Plaintiff's conclusory allegations are insufficient to survive a Motion for Summary Judgment on a failure to train or supervise claim, and no inference of a failure to train or supervise arises from the fact that Plaintiff allegedly received improper medical care. Everson, 556 F.3d at 495. Instead, Plaintiff "must point to a specific action of each individual supervisor," Phillips v. Roane County, 534 F.3d 531, 543-44 (6th Cir. 2008).

Plaintiff has not done so in this case. The only *evidence* before the Court is that Defendants Dean and Holloway have no medical training, their job duties did not include the diagnosis, assessment, or treatment of medical conditions, and they had no authority to make treatment decisions or to direct health care professionals in making treatment decisions. As such, those Defendants are entitled to summary judgment on Plaintiff's claims under 42 U.S.C. § 1983.[3]

---

[2]In his Memorandum in opposition to the Motion for Summary Judgment, Plaintiff argues that "where as in a case such as this one, statistics are presented to the court . . . most federal courts closely scrutinize this evidence . . . because statistics' [sic] evidence may be interpreted in different ways." (Docket Entry No. 87 at 6). Plaintiff also argues that "[s]tatistics are important in this case because they show the genuineness of many material fact issues in this case[.]" (Id.). However, Plaintiff offers no "statistics" to support his position.

[3]As indicated at the outset, Plaintiff also alleges in his Amended Complaint that Defendants, collectively, are liable under unspecified state law claims. However, he does not identify the basis of a state law claim and raises no arguments regarding any such claim in his response to the Motion for Summary Judgment. The Court assumes Plaintiff has abandoned his state law claims against Defendants Dean and Holloway. Regardless, because summary judgment is being granted on Plaintiff's federal claims, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367(c)(3).

6

## IV. CONCLUSION

Based upon the foregoing, the Motion for Summary Judgment filed by Defendants Dennis Dean and Mike Holloway (Docket Entry No. 76) will be granted and this case will be dismissed. An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE