THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| GARY DALE BAKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 3:08-cv-01227 |
| vs. | ) | JURY DEMAND |
| | ) | U.S. DISTRICT JUDGE |
| TENNESSEE DEPARTMENT | ) | ROBERT ECHOLS |
| OF CORRECTIONS ET AL | ) | |
| | ) | |
| | ) | U.S. MAGISTRATE |
| Defendants, | ) | JOE BROWN |
| | ) | |
| | ) | |

_____

## PLAINTIFF'S RESPONSE TO DEFENDANT'S UNDISPUTED FACTS

Comes now the Plaintiff, Garry Baker, pursuant to Rule 8 of the Local Rules of Practice and hereby submits the following Response to Defendant's Undisputed Facts in Response Opposing Defendant's Motion For Summary Judgment.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The plaintiff, Garry Baker, is an inmate of the Tennessee Department of Correction housed in Northwest Correctional Complex in Tiptonville, Tennessee.

**RESPONSE:**

**ADMIT.**

2. The plaintiff, through counsel, on December 30, 2008, filed a 42 U.S.C. § 1983 deliberate indifference to medical needs complaint. (Doc. 1).

1

> **RESPONSE:**
>
> **ADMIT.**

3. On March 10, 2009, plaintiff's counsel filed a First Amended Complaint. (Doc. 9).

> **RESPONSE:**
>
> **ADMIT.**

4. In said First Amended Complaint, the plaintiff alleges various medical conditions. (*Id.*)

> **RESPONSE:**
>
> **ADMIT.**

5. The plaintiff claims that, "the treating physician at Northwest Correctional Facility Prison, failed to diagnose the plaintiffs medical conditions and acted and/or omitted to act to take reasonable and prudent actions to reduce their severity." (Doc. 9, p. 2, ¶ 1).

> **RESPONSE:**
>
> **ADMIT.**

6. As to defendants Dennis Dean and Mike Holloway, the plaintiff alleges in his First Amended Complaint:

> **RESPONSE:**
>
> **ADMIT.**

21. Mr. Dennis Dean, Administrator of Health Care at NWCX on information and belief is the directing administrator over the medical services unit responsible for administration of treatment to inmates at Northwest Correctional Facility, Tiptonville, Tennessee, during the

time of the omission and deliberate indifference to the serious medical needs of the defendant at the prison complex in 2008.

**RESPONSE:**

**ADMIT.**

22. …Mr. Michael Holloway on information and belief is the co-directing Administrator of Health Care at NWCX over the medical services unit responsible for administration of treatment to inmates at Northwest Correctional Facility, Tiptonville, Tennessee, during the time of the omission and deliberate indifference to the serious medical needs of the defendant at the prison complex in 2008. (Doc. 9).

**RESPONSE:**

**ADMIT.**

7. In 2008, Dennis Dean was the Health Administrator at Northwest Correctional Complex from January 1 to January 15 [sic]. (Affidavit of Dennis Dean).

**RESPONSE:**

**ADMIT.**

8. Mike Holloway was the Acting Health Administrator from January 16, 2008 to May 30, 2008 [sic]. (Affidavit of Mike Holloway).

**RESPONSE:**

**ADMIT.**

9. The job duties of the Health Administrator are administrative only. (Affidavits of Dennis Dean and Mike Holloway).

**RESPONSE:**

3

**ADMIT.**

10. The job duties do not include diagnosis, assessment, or treatment of medical conditions nor does the Health Administrator have any authority to direct health care professionals in making treatment decisions. (*Id.*).

**RESPONSE:**

**ADMIT.**

11. Neither Dennis Dean nor Mike Holloway are licensed health care professionals and neither are trained or licensed in the diagnosis, assessment, or treatment of medical conditions. (*Id.*).

**RESPONSE:**

**DISPUTED. The plaintiff alleges both defendants in their official capacity have the responsibility to "facilitate" and "take appropriate measures to facilitate diagnosis". (Gary Baker Depo. P. 8-line14-25, p. 9, line 1-25, p. 12-line 18-20, p. 13-line 1-8, Compalint ¶ 21, 27), Garry Baker Depo. P. 15-line 7-10, 16-25, p.-16-oline 1-2, 13-16, 20-25, Complaint ¶ 21, 27).**

12. The Health Administrator at NWCX has no authority to make treatment decisions or direct health care professionals in making treatment decisions. (*Id.*).

**RESPONSE:**

**ADMIT.**

13. Essentially, all decisions regarding an inmate's treatment are made by the institutional physician, the specialty consulting physician, and ultimately, the medical professionals at First Medical Management (a private corporation).

**RESPONSE:**

**DENY.** This fact is disputed for the purpose of the summary judgment motion only. The best evidence of the administrative exclusivity of the co-defendants is their respective job descriptions for the time periods in questions. Likewise, the best evidence of the decision-making duties and responsibilities is the respective policies in force at Northwest Correctional Facility during the time periods in question in the complaint and Amended Complaint of the Plaintiff. These documents were refused discovery by the defendants.

Respectfully submitted,

/s/: jordon mathies

_____
JORDON D. MATHIES, BPR# 019825
MATHIES LAW OFFICES PLC
202 POINT EAST DRIVE
NASHVILLE, TENNESSEE 37216-1400

**CERTIFICATE OF SERVICE**

I hereby certify that , a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system this __17th_____ day of ___June_____, 2010.

ROBERT E. COOPER, JR. BPR 010934
Attorney General and Reporter
/S/ PAMELA S. LORCH BPR 8968
Pamela S. Lorch
Senior Counsel
Office of the Attorney General
PO Box 20207
Nashville, TN 37202-0207
(615) 532-2549

Attorneys Jeffrey M. Beemer and Kerry M. Ewald

Dickinson Wright PLLC
Fifth Third Center, Suite 1401
424 Church Street
Nashville, TN 37219-2392

/s/ jordon d. mathies
_____
**JORDON D. MATHIES**